NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KIM HYDE RHODES,**

*Plaintiff-Appellant*

**v.**

**JUDGE JEFFREY WILCOX, JUDGE JAY WINWARD, STATE OF UTAH,**

*Defendants-Appellees*

---

2024-1224

---

Appeal from the United States District Court for the District of Utah in No. 4:23-cv-00077-DN, Senior Judge David Nuffer.

-------------------------------------------------

**KIM HYDE RHODES,**

*Plaintiff-Appellant*

**v.**

**IDAHO HEALTH WELFARE, MAGISTRATE JUDGE ROBERT CROWLEY, JIM MASON, Casa 7, JUDGE STEVAN THOMPSON,**

*Defendants-Appellees*

---

2024-1225

————————————

Appeal from the United States District Court for the District of Utah in No. 4:23-cv-00078-DN, Senior Judge David Nuffer.

------------------------------------------------

**KIM HYDE RHODES,**
*Plaintiff-Appellant*

**v.**

**TED BARNEY, KAYLA CORPENBARGER,**
*Defendants-Appellees*

————————————

2024-1226

————————————

Appeal from the United States District Court for the District of Utah in No. 4:23-cv-00079-DN, Senior Judge David Nuffer.

------------------------------------------------

**KIM HYDE RHODES,**
*Plaintiff-Appellant*

**v.**

**JUDGE JEFFREY WILCOX, JUDGE JAY WINWARD,**
*Defendants-Appellees*

————————————

2024-1227

————————————

Appeal from the United States District Court for the District of Utah in No. 4:23-cv-00083-DN, Senior Judge David Nuffer.

-------------------------------------------------

**KIM HYDE RHODES,**
*Plaintiff-Appellant*

**v.**

**ROBERT HORN, JEFFREY C. WILCOX, WASHINGTON COUNTY SHERIFF'S OFFICE, FEDERAL BUREAU OF INVESTIGATION, US DOJ,**
*Defendants-Appellees*

_____

2024-1228

_____

Appeal from the United States District Court for the District of Utah in No. 4:23-cv-00084-DN, Senior Judge David Nuffer.

-------------------------------------------------

**KIM HYDE RHODES,**
*Plaintiff-Appellant*

**v.**

**JUDGE JEFFREY WILCOX, JUDGE JAY WINWARD, STATE OF UTAH,**
*Defendants-Appellees*

_____

2024-1229

_____

Appeal from the United States District Court for the District of Utah in No. 4:23-cv-00085-DN, Senior Judge David Nuffer.

_____

PER CURIAM.

## O R D E R

The court has received no response to its December 28, 2023 order regarding whether these appeals should be dismissed or transferred. We now dismiss.

In the complaint underlying Appeal No. 2024-1228, Kim Hyde Rhodes sought $500,000 in damages from, among others, United States agencies. Her other complaints giving rise to these appeals sought relief in connection with domestic matters against state entities or individuals. The district court dismissed the cases. Ms. Hyde Rhodes filed a notice of appeal for each case. The notices were then transmitted to the United States Court of Appeals for the Tenth Circuit, and Ms. Hyde Rhodes subsequently filed a second set of appeals directed to this court.[*]

These appeals do not fall within the limited authority that Congress granted this court to review decisions of federal district courts. That jurisdiction generally extends to cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C); and civil actions involving certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2);

_____

[*]    The Tenth Circuit dismissed the appeals for lack of prosecution and issued mandate on February 9, 2024.

28 U.S.C. § 1292(c)(1). None of Ms. Hyde Rhodes's cases falls within that limited jurisdiction.

When this court lacks jurisdiction, 28 U.S.C. § 1631 provides that the court may, if it is in the interest of justice, transfer an appeal to the appropriate regional circuit that has jurisdiction. Here, however, the court finds that transfer would not be in the interest of justice because Ms. Hyde Rhodes's identical appeals have already been before the Tenth Circuit and were dismissed.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeals are dismissed.

(2)  Each side to bear its own costs.

FOR THE COURT

February 22, 2024
Date

Jarrett B. Perlow
Clerk of Court